SUMMARY ORDER

Petitioners Yinping Jiang and Qi Chao Jiang, natives and citizens of the People’s Republic of China, seek review of: (1) the July 10, 2007 order of the BIA reversing the July 11, 2005 decision of Immigration Judge (“IJ”) Elizabeth A. Lamb, which granted them application for asylum, In re Yinping Jiang and Qi Chao Jiang, Nos. A097 646 602, A097 646 603 (B.I.A. July 10, 2007), rev’g Nos. A097 646 602, A097 646 603 (Immig. Ct. N.Y. City July 11, 2005); and (2) the January 10, 2008 order of the BIA denying them motion to reconsider and reopen, In re Yinping Jiang and Qi Chao Jiang, Nos. A097 646 602, A097 646 603 (B.I.A. Jan. 10, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
I. Dkt. No. 07-3337-ag (L): Denial of Application
We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Petitioners argue that the BIA erred in concluding that they failed to demonstrate a well-founded fear of persecution based on the birth of their U.S. citizen children. We conclude that petitioners’ argument fails because we have previously reviewed the BIA’s consideration of evidence similar to that which petitioners presented and have found no error in its conclusion that such evidence is insufficient to establish an objectively reasonable fear of persecution. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 156-65 (2d Cir.2008); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion”). Further, the BIA reasonably found that evidence suggesting that petitioners’ relatives had been forcibly sterilized did not demonstrate that their fear of forced sterilization was objectively reasonable because such evidence did not detail the treatment of similarly situated individuals, ie., Chinese nationals with U.S. citizen children. See Jian Hui Shao, 546 F.3d at 160-61.
*567 Petitioners have not cited any evidence in the record contradicting the BIA’s dis-positive finding by showing that Chinese nationals returning to Fujian Province with U.S. citizen children have been subjected to forced sterilization. See Jian Hui Shao, 546 F.3d at 160-61.
II. Dkt. No. 08-0660-ag (Con): Denial of Motion to Reopen
We review the agency’s denial of a motion to reopen or reconsider for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006); Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao, 546 F.3d at 169.
The BIA did not abuse its discretion in denying petitioners’ motion to reconsider and reopen. The BIA did not err in declining to consider the 1980 Nationality Law of the People’s Republic of China as it was previously available, and not in the record. See INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Moreover, although the BIA erred in finding their motion to reopen untimely, see 8 C.F.R. § 1003.2(c)(2) (requiring an alien seeking to reopen proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered), it reasonably found that petitioners failed to demonstrate their prima facie eligibility for relief on account of the birth of their third U.S. citizen child, which provided a sufficient basis for denying their motion to reopen, see Abudu, 485 U.S. at 104-05, 108 S.Ct. 904.
For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).